*United States v. Caesar*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty-six.

Present:
> GUIDO CALABRESI,
> MICHAEL H. PARK,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                          23-8017

DMARIO CAESAR,

> *Defendant-Appellant.*\*

---

FOR APPELLEE:                                TIFFANY H. LEE, Assistant United States Attorney, *for* Michael DiGiacomo, United States Attorney for the Western District of New York, Buffalo, NY

FOR DEFENDANT-APPELLANT:      DEVIN MCLAUGHLIN, Langrock Sperry & Wool, LLP, Middlebury, VT

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2018, officers with the Erie County Sherriff's Department obtained a warrant to search "the premises located at 203 May St., Buffalo, New York" for evidence that Defendant-Appellant Dmario Caesar was engaged in drug trafficking. App'x at 52. During the ensuing search, officers entered a detached garage behind the premises and recovered narcotics and a firearm from the saddlebag of a motorcycle. Caesar moved to suppress the evidence obtained from the garage, but the district court denied his motion for lack of Fourth Amendment "standing." Caesar then pleaded guilty under a conditional plea agreement to possession of 40 grams or more of fentanyl with intent to distribute, in violation of 21 U.S.C. § 841(b)(1)(B), and possession of a firearm in furtherance of a drug conspiracy, in violation of 18 U.S.C. § 924(c). On appeal, Caesar challenges the denial of his pre-trial motion to suppress;[1] specifically, he argues that the district court erred in denying his motion for lack of Fourth Amendment standing without conducting an evidentiary hearing on that issue. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"In reviewing the denial of a suppression motion, this Court reviews the district court's factual findings for clear error, and its application of law to fact *de novo*." *United States v. Lewis*, 62 F.4th 733, 740 (2d Cir. 2023) (cleaned up). "The denial of an evidentiary hearing is reviewed

---

[1] Caesar's plea agreement states that he may "appeal the denial of [his] motion to suppress evidence" and that "[s]hould the defendant prevail on appeal, the defendant shall be allowed to withdraw his guilty pleas." App'x at 89.

for abuse of discretion." *Id.* at 741.

A defendant seeking to suppress evidence under the Fourth Amendment has the burden of showing that his *own* Fourth Amendment rights were infringed by the challenged search or seizure. *See id.* "We often refer to this principle as the requirement that a defendant have 'standing' to bring a suppression motion." *Id.* A court cannot "properly deny [a defendant's] motion for lack of standing unless the facts he asserted," taken as true and "seen in the light most favorable to [him], were legally insufficient to sustain his burden." *United States v. Hamilton*, 538 F.3d 162, 168 (2d Cir. 2008). A defendant is entitled to an evidentiary hearing on a motion to suppress if he "establishe[s] that there [are] disputed factual issues going to the validity of the search." *Lewis*, 62 F.4th at 741.

"A defendant can establish that their Fourth Amendment rights were violated by showing they had a reasonable expectation of privacy in the area searched or that the Government has physically intruded on constitutionally protected areas to which they have a property entitlement." *Id.* (cleaned up). To establish a reasonable expectation of privacy, a defendant must show that he had a "subjective expectation of privacy" in the place searched and that "that expectation of privacy is one that society accepts as reasonable." *Hamilton*, 538 F.3d at 167. When a defendant "claim[s] a legitimate expectation of privacy in a dwelling other than his own," the "ultimate inquiry" is "whether the host has so liberally shared his own privacy interest with his guest that it shelters the guest against unreasonable government intrusion." *Figueroa v. Mazza*, 825 F.3d 89, 108-09 (2d Cir. 2016).

Caesar failed to meet his burden of establishing standing to challenge a search of someone else's residence and garage. Caesar "needed to articulate specific facts regarding the [areas searched] and his use of [them]" to establish that he had a reasonable expectation of privacy

3

therein. *Lewis*, 62 F.4th at 741. But his affidavit in support of his motion to suppress alleged only that "he was permitted use of the residence at 203 May Street by the owner" and that he "was allowed complete ingress and egress to the residence at 203 May Street by the owner."[2] App'x at 54. Caesar's affidavit did not state who owned the premises, what Caesar's relationship to that person was, what specifically Caesar was permitted to do on the premises, or any other facts indicating that the owner "so liberally shared his own privacy interest" with Caesar to give rise to a reasonable expectation of privacy. *Figueroa*, 825 F.3d at 109; *see also Lewis*, 62 F.4th at 741 (concluding that a defendant failed to establish standing to challenge the search of a porch when he offered no evidence of "the particular uses he made of the porch . . . [or] any steps he took to maintain his privacy while using it"). Moreover, Caesar's affidavit did not even mention the detached garage, much less discuss his use of it. On this record, the district court did not err in concluding that Caesar failed to meet his burden to establish Fourth Amendment standing.

We also conclude that Caesar was not entitled to an evidentiary hearing on his motion to suppress. An evidentiary hearing is required only if a defendant can "establish[] that there were disputed factual issues going to the validity of the search." *Lewis*, 62 F.4th at 741. Caesar does not identify any such disputed issue, nor could he, given that the government did not contest any of the facts he alleged, but instead argued those facts were legally insufficient to sustain Caesar's

---

[2] In the district court, Caesar moved for leave to file a supplemental affidavit containing more specific factual allegations—in particular, allegations about the detached garage. The magistrate judge handling pre-trial matters denied that motion because it was untimely and Caesar failed to show cause for the late filing. Caesar abandoned any challenge to that decision on appeal by failing to raise such a challenge in his opening brief. *See United States v. Prawl*, 149 F.4th 176, 187 (2d Cir. 2025) ("An argument not raised on appeal is generally deemed abandoned." (cleaned up)). We thus do not rely on Caesar's supplemental affidavit in assessing his appeal. *Cf. Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894 (1990) ("The Court of Appeals' reliance upon the supplemental affidavits was wrong . . . [because] [t]he District Court did not abuse its discretion in declining to admit them.").

burden of establishing Fourth Amendment standing.   The district court thus did not abuse its discretion in denying Caesar a hearing on his motion, so we affirm.

*     *     *

We have considered all of Caesar's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED** and Caesar's motion to late-file his reply brief is **DENIED AS MOOT**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court